O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-6544 ODW (OPx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings (In Chambers):    Order GRANTING Defendants' Motion to Dismiss [14]**

Plaintiffs Ronald and Sonia Hawkins ("Plaintiffs") initiated this action on August 31, 2009 against Defendants Homecomings Financial, LLC ("Homecomings") GMAC Mortgage ("GMAC") and First Mortgage Solutions.[1]  The complaint alleges nine causes of action: (1) Violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) Violation of the Truth In Lending Act ("TILA"); (3) Violation of the Fair Debt Collection Practice Act ("FDCPA"); (4) violation of the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 *et seq.*; (5) Negligent Misrepresentation; (6) Fraud; (7) Rescission; (8) Quasi Contract; and (9) Determination of Validity of Lien.  Pending before the Court is Homecomings and GMAC's Motion to Dismiss Plaintiff's Complaint [ 14].  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.

## BACKGROUND

This action, like the thousands of others flooding California state and federal courts, concerns a loan secured by real property.  The complaint alleges Plaintiffs are the owners of property at 25 Plaza Lucerna, Lake Elsinore CA 92532.  (Compl. ¶ 1.)  On September 21, 2007,

---

[1] With respect to Defendant First Mortgage Solutions, the file in this case lacks the papers that would show it is being timely prosecuted.  Plaintiffs are therefore ordered to show cause, in writing and not later February 18, 2010, why First Mortgage Solutions should not be dismissed from this case under Fed. R. Civ. P. 4(m).  As an alternative to a written response by Plaintiffs, the Court will accept one of the following, if it is filed on or before the above date, as evidence that the matter is being prosecuted diligently:  Proof of service of summons and complaint (applicable for defendant(s) who have not been served); or Request for entry of default by Plaintiffs (applicable where defendants have been served but not answered).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6544 ODW (OPx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

Plaintiffs obtained a loan from Homecomings. Defendant First Mortgage Solutions acted as the broker for the loan, (Compl. ¶ 2), and GMAC is the loan servicer, (Compl. ¶ 4).

During the issuance of the loan, Homecomings allegedly violated federal and state laws in various ways. Examples of unlawful conduct include: making misrepresentations as to the loan's material terms, interest rates and payment schedules; failing to disclose, among other things, Plaintiffs' right to cancel and the costs of financing; and offering a loan with terms that could not be reasonably understood by the average consumer. With respect to servicing of the loan, Plaintiffs allege GMAC and Homecomings[2] failed to give required notices and disclosures, and failed to adequately respond to Plaintiffs' "qualified written requests" for information.[3]

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss can be made and granted when the complaint fails "to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted

---

[2] The Complaint never expressly alleges Homecomings is a "servicer" of the loan. However, Plaintiffs often times lump Homecomings into the allegations made against GMAC, the expressly alleged servicer.

[3] The Court notes here that Plaintiffs' allegations seem to mirror those made by several other complaints filed (and ultimately dismissed) by the same counsel, Lincoln Quintana. *See, e.g., Rivas v. New Century Mortgage Corp.*, 2010 WL 330225 (S.D. Cal. 2010); *Walker v. Equity 1 Lenders*, 2010 WL 234942 (S.D. Cal. 2010); *Ozuna v. Home Capital Funding*, 2009 WL 4544131 (S.D. Cal. 2009); *Ibarra v. Plaza Home Mortgage*, 2009 WL 2901637 (S.D. Cal. 2009). In light of the identical allegations, the Court, where appropriate, borrows from the orders of other District Courts that have previously addressed (and ultimately dismissed) them.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6544 ODW (OPx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citation and quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Iqbal*, 129 S. Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, __F.3d __, 2009 WL 1978730, at *3 (9th Cir. July 10, 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").

Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

Finally, leave need not be granted where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (citations omitted).

## DISCUSSION

### 1. RESPA Violations

Plaintiffs' first cause of action against Homecomings and GMAC is for violation of RESPA, 12 U.S.C. § 2605.[4] (Compl. ¶¶ 41-45.) In support, Plaintiffs allege Homecomings and GMAC failed to "adequately respond to Plaintiffs' Qualified Written Requests in violation of RESPA." (Compl. ¶ 43.) As a result, Plaintiffs allege that they sustained damages, including

---

[4] To the extent Plaintiffs' complaint can be read to suggest a violation of 12 U.S.C. §§ 2603 and 2604, these claims are dismissed for the reasons noted in Defendants' papers.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6544 ODW (OPx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

"monetary loss, medical expenses, emotional distress, [and] loss of employment." (Compl. ¶ 45.)

RESPA requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1) (A). A qualified written request ("QWR") is defined as:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that -
> (I) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

*Id.* at § 2605(e)(1)(B). When the loan servicer receives a QWR, it must either correct the borrower's account, or, after conducting an investigation, provide the borrower with a written explanation of: (1) why the loan servicer believes the account is correct, or (2) why the requested information is unavailable. *See id.* § 2605(e)(2).

As previously noted, nowhere in Plaintiffs' complaint do they expressly allege that Homecomings is the servicer of the underlying loan. This alone would be sufficient for dismissing Plaintiffs' RESPA claim against Homecomings. *See, e.g., Powell v. Aegis Mortgage Corp.*, 2007 WL 98372, at *7 (D. Md. 2007) ("The inquiry response requirements of section 2605(e)(2) apply only to a loan 'servicer,' a term express defined in [section] 2605(i)(2) as 'the person responsible for servicing of a loan (including the person who makes or holds a loan if such a person also services the loan);'" *see also Lingad v. Indymac Fed. Bank*, 2010 WL 347994, at *7 (E.D. Cal. 2010) (noting that Plaintiff did not allege whether the defendant was either a lender or a loan servicer to whom the requirements of section 2605 apply).

Plaintiffs' failure to allege Homecoming's status notwithstanding, the Court finds Plaintiffs' first cause of action against both Homecomings and GMAC deficient for other reasons–reasons, which by now, should be familiar to counsel. For example, the complaint makes conclusory allegations that "Defendants First Mortgage, homecomings, GMAC and other

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6544 ODW (OPx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

Defendants failed to adequately respond to Plaintiffs' [QWRs] in violation of RESPA." (Compl. ¶ 43.) Numerous courts have dismissed similar allegations, requiring Plaintiffs to plead additional facts in order to state a claim for relief under RESPA. *See, e.g., Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1231-32 (S.D. Cal. 2009) (plaintiff failed to allege to whom specifically plaintiff made QWRs, when plaintiff made such requests, how defendants failed to respond to such requests, if the 60-day statutory period for response had lapsed, and how defendant met the statutory definition of a "servicer"); *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) (the purported QWR sought information about the validity of the loan and mortgage documents, but made no inquiry as to the status of the account balance; therefore, the request did not relate to "servicing" of the loan); *Champlaie v. BAC Home Loans Servicing, LP*, 2009 WL 3429622, at *7 (E.D. Cal. 2009) (plaintiff failed to allege the purported QWR requested information related to servicing); *Castro v. Home Capital Funding*, 2009 WL 3618898, at *5 (S.D. Cal. 2009) (plaintiff failed to allege the purported QWR was in writing); *Pickard v. WMC Mortg. Corp.*, 2009 WL 3416134, at *8 (E.D. Cal. 2009) (plaintiff failed to describe the purported QWR, attach the QWR, allege to whom such writing was sent, and allege actual damages); *Morilus v. Countrywide Home Loans, Inc.*, 2007 WL 1810676, at *3-4 (E.D. Pa. 2007) (plaintiffs failed to provide any details concerning which parties received the QWRs); *Ozuna*, 2009 WL 4544131, at *4 (same).

Here, Plaintiffs' complaint fails to state a claim because it does not allege to whom Plaintiffs sent the QWRs, when Plaintiffs made the QWRs, how Homecomings or GMAC failed to adequately respond, or whether the 60-day statutory period had lapsed. Nor do Plaintiffs describe the QWRs, allege the QWRs sought information related to the servicing of the loan, or allege the QWRs were in writing.[5]

Also insufficient is Plaintiffs' "intent[ion] that this action and this document [ ] represent a formal complaint and also act as a [QWR]." (Compl. ¶ 6.) As several other courts have noted, "even if the [complaint] does constitute a QWR within the meaning of RESPA, Plaintiff[s] cannot plausibly allege that [Defendants] failed to timely respond to Plaintiff[s'] QWR in the same document that contains Plaintiffs[s'] request, as the 60-day statutory period for response

---

[5] Plaintiffs argue in their opposition that they specified the dates they sent QWRs in a declaration attached thereto. However, the Court does not consider this information in its determination, as it is not an allegation in the complaint or contained in an exhibit attached to the complaint. *See Rivas*, 2010 WL 330225, at *3 ("[a]dditional information contained in an opposition to a motion to dismiss does not cure the defects in Plaintiff's original pleading.").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6544 ODW (OPx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

necessarily has not passed." *Rivas*, 2010 WL 330225, at *3; *Ozuna*, 2009 WL 4544131, at *4; *Delino*, 628 F. Supp. 2d at 1232. Accordingly, Homecomings and GMAC's Motion to Dismiss Plaintiffs' RESPA claim is GRANTED.

    **2.**    **TILA Violations**

Plaintiffs' second cause of action alleges Homecomings and GMAC violated TILA, 15 U.S.C. §§ 1601 *et seq.* by, among other things, deceptively presenting the loan's interest rate, incorrectly calculating the APR, and not disclosing the payments required to be made to the lender and broker. (Compl. ¶ 47.) Plaintiffs allege these violations "rendered the credit transaction null and void, invalidates Defendants' claimed interest in the subject property, and entitles Plaintiffs to damages as proven at trial." (Compl. ¶ 48.)

Defendants contend Plaintiffs' TILA claim is time-barred and that they have failed to establish that they are entitled to equitable tolling. In the alternative, Defendants also contend that Plaintiffs fail to allege facts capable of showing a TILA violation.

Any action for TILA damages, as is the case here, must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). As a general rule, the statutory period "starts at the consummation of the [loan] transaction." *King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).

Here, because Plaintiffs allege to have consummated the loan on September 21, 2007, and filed the instant lawsuit on August 31, 2009, their TILA damages claim is facially time-barred. Equitable tolling may be appropriate, however, "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the fraud or nondisclosures at the time of loan consummation. *Id.* at 915. District courts have discretion to adjust the limitations period in cases where "the general rule would be unjust or frustrate the purpose of [TILA]." *Id.* Generally, a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

In this case, Plaintiffs' claim is subject to equitable tolling, but they have failed to carry their burden to establish their entitlement to it. The complaint does not allege sufficient facts to support Plaintiffs' contention that Homecomings or GMAC "concealed"–fraudulently or otherwise–information from them. The complaint is devoid of any allegations as to when or how Plaintiffs discovered the alleged TILA violations and does not examine whether such

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6544 ODW (OPx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

violations could not reasonably have been discovered earlier. Accordingly, the Court finds that Plaintiffs' TILA damages claim is time-barred. Homecoming and GMAC's Motion to Dismiss this cause of action is therefore GRANTED.

### 3. FDCPA Violations

Plaintiffs' third cause of action is brought against only Homecomings and is for alleged violations of the FDCPA. Plaintiffs allege two different violations: deceptive loan modification practices and improper debt collection practices. As to the former, Plaintiffs allege Homecomings made unreasonable representations to Plaintiffs when attempting to modify their existing loan, ultimately resulting in an unaffordable agreement. With respect to the latter, Plaintiffs allege Homecomings never intended to modify the loan, but instead used that premise as an unlawful attempt to collect money and gather information.

"The [FDCPA] prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To be liable for a violation of the FDCPA, the defendant must, as a threshold requirement, be a "debt collector" within the meaning of the Acts. *Heintz*, 514 U.S. 291, 294 (1995). Here, Plaintiffs allege Homecomings is the original lender and, drawing all reasonable inferences, also a loan servicer. As such, it cannot be liable under the FDCPA. *See Caballero v. Ocwen Loan Serv.*, 2009 WL 1528128, at *1 (N.D. Cal. 2009) ("creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA] . . . Defendant Ocwen is a "loan servicer." Therefore it is not a "debt collector" and no claim can be stated against it under the FDCPA."); *see also Maguire v. Citicorp. Retail Svcs.*, 147 F.3d 232, 236 (2d Cir. 1998) (generally, the FDCPA does not apply to creditors). Accordingly, Plaintiffs' third cause of action fails and Defendants' Motion to Dismiss it is GRANTED.

### 4. State Law Claims

The complaint alleges that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 by virtue of the TILA, RESPA and FDCPA claims. Because diversity jurisdiction is not alleged to exist, Plaintiffs invoke the Court's supplemental jurisdiction over their six state law claims pursuant to 28 U.S.C. § 1367.

Because the Court has dismissed all of the federal law claims against the moving Defendants, the Court declines to exercise supplemental jurisdiction over the state law claims

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6544 ODW (OPx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

pursuant to 28 U.S.C. § 1367(c)(3). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir.1998) (district courts not required to provide explanation when declining jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)); *see Murphy v. Kodz*, 351 F.2d 163, 167-68 (9th Cir. 1965) ("Where the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims, it is … akin to making the tail wag the dog for the District Court to retain jurisdiction.") (internal quotations and citation omitted). Defendants' Motion to Dismiss all state law claims is therefore GRANTED.

## **CONCLUSION**

Defendant Homecomings and GMAC's Motion to Dismiss Plaintiffs' complaint is granted, in its entirety. Dismissal is with leave to amend as to all claims other than Plaintiffs' FDCPA claim, which is dismissed without leave to amend. If Plaintiffs wish to file an amended complaint, they must do so, in good faith, within twenty (20) days of the date of this order.

**SO ORDERED.**

|  | ---- | : | 00 |
|---|---|---|---|
| | Initials of Preparer | RGN | |