O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6544 ODW (OPx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

Present:   The Honorable Otis D. Wright II, United States District Judge

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings (In Chambers):**     **ORDER GRANTING DEFENDANTS HOMECOMINGS FINANCIAL, LLC AND GMAC MORTGAGE, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [DOCKET NO. 36.]**

The matter is before the Court on Defendants Homecomings Financial, LLC ("Homecomings") and GMAC Mortgage, LLC's ("GMAC") (collectively, "Defendants") Motion to Dismiss the First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Having considered the matter, the Court deems it appropriate for decision without oral argument pursuant to Rule 78 and Local Rule 7-15, GRANTS Defendants' motion, and dismisses the FAC with leave to amend.

## I.    INTRODUCTION

Plaintiffs Ronald and Sonia Hawkins ("Plaintiffs") commenced this action on August 31, 2009 against Homecomings, GMAC, and First Mortgage Solutions.[1]  The initial complaint alleged nine causes of action: (1) Violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) Violation of the Truth-In-Lending Act ("TILA"); (3) Violation of the Fair Debt Collection Practice Act ("FDCPA"); (4) violation of the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 *et seq.*; (5) Negligent Misrepresentation; (6) Fraud; (7) Rescission; (8) Quasi Contract; and (9) Determination of Validity of Lien.  (Docket No. 1.)

---

[1]  First Mortgage Solutions was a named defendant in the original complaint.  (Docket No. 1.) However, according to the FAC, First Mortgage is no longer a party in this action.  (Docket No. 35.)

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6544 ODW (OPx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

In November 2009, Defendants filed a Rule 12(b)(6) motion.  (Docket No. 14.)  The Court granted the motion with leave to amend.  However, the FDCPA claim was dismissed with prejudice.  (Docket No. 31.)

On February 26, 2010, Plaintiffs filed an amended complaint.  (Docket No. 32.)  On March 1, 2010, the document was stricken due to Plaintiffs' failure to comply with G.O. 08-02.  (Docket No. 34.)

On March 9, 2010, Plaintiffs filed the FAC, the operative complaint in this action.  (Docket No. 35.)  For the reasons stated below, the Court dismisses Plaintiffs' federal causes of action and declines to exercise subject matter jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(c).

## II.   FACTUAL BACKGROUND

This action concerns a loan secured by real property.  Plaintiffs aver that they are the owners of real property in Lake Elsinore, California.  (FAC ¶ 1.)  On September 21, 2007, Plaintiffs obtained a loan from Defendant Homecomings.  (*Id.* at ¶ 14.)  After funding the loan, Homecomings allegedly became the loan servicer.  (*Id.* at ¶ 45.)  Thereafter, "servicing responsibilities were transferred to GMAC and GMAC became and currently is the servicer of the [l]oan." (*Id.*)  During and after the issuance of the loan, Defendants allegedly violated federal and state laws in various ways by, *inter alia*, failing to adequately respond to Qualified Written Requests ("QWR"); failing to provide adequate disclosures relating to the loan; and misrepresenting important terms of the loan.

The FAC alleges the same causes of actions as the original complaint, except for the FDCPA claim, which was dismissed with prejudice.  (Docket No. 31.)

## III.   DISCUSSION

### A.   RESPA Claim

RESPA requires that once a borrower makes a QWR, loan servicing companies must: (a) provide written notice to the borrower acknowledging receipt of the request; (b) take appropriate action with respect to the inquiry either by making corrections or providing a written explanation or clarification; and (c) protect the borrower's credit rating by not reporting to credit bureaus the overdue payments relating to the request for 60 days after receiving the request. *Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 382 (D.N.J. 2006); *see also*, 12 U.S.C. § 2605(e) (delineating the duties of loan servicers to respond to borrower inquiries).  "Whoever fails to comply with any

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6544 ODW (OPx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

provision of this section shall be liable to the borrower for . . .  (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages . . . in the case of a pattern or practice of noncompliance with the requirements of this section . . . ."  12 U.S.C. § 2605(f)(1).

Here, Plaintiffs claim that Defendants have violated RESPA by failing to adequately respond to Plaintiffs' QWR.  (FAC ¶ 51.)  Plaintiffs further claim that as a result of their alleged failure to respond, Plaintiffs have sustained damages.  (*Id.* at ¶ 54.)

The FAC has not alleged that GMAC has engaged in a pattern or practice of noncompliance with the requirements of RESPA.  Therefore, Plaintiff cannot bring a claim against GMAC for statutory damages based on 12 U.S.C. § 2605(f)(1)(B).

Moreover, the FAC has not alleged any *actual damages* against GMAC or Homecomings for purposes of 12 U.S.C. § 2605(f)(1)(A).  The FAC makes the conclusory allegation that "as a proximate result of the negligent conduct," Plaintiffs have "sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, and other damages."  (*Id.* at ¶ 54.)  However, the FAC is devoid of any allegation as to how these pecuniary losses were sustained.  "Alleging a breach of RESPA duties alone does not state a claim under RESPA.  Plaintiffs must, at a minimum, also allege that the breach resulted in *actual damages*."  *Hutchinson*, 410 F. Supp.2d at 383.  Here, Plaintiffs only offer a mere conclusion, nothing more.  Based on the foregoing, Plaintiffs cannot bring a claim against Defendants for actual damages based on 12 U.S.C. § 2605(f)(1)(A).

In addition, the FAC has not alleged that GMAC is a *loan servicer*, such that it will be subject to the obligations imposed by RESPA.  *See* 12 U.S.C. § 2605(e) (delineating the duties of *loan servicers*)  Indeed, in the FAC, Plaintiffs concede that Homecomings was the sole loan servicer but they argue nonetheless that "servicing responsibilities were transferred to GMAC and GMAC became and currently is the servicer of the loan." (FAC ¶ 45.)  Plaintiffs have not presented any legal authority to support the proposition that GMAC could be held liable for Homecomings' actions.  Furthermore, the FAC is devoid of any allegations regarding GMAC's and Homecomings' relationship, and in any event, Plaintiffs' averment in their Opposition that GMAC's liability flows from its "acquisition" of Homecomings does not cure the defects in their pleading. *See Rivas v. New Century Mortg. Corp.*, 2010 WL 330225, at *3 (S.D. Cal. Jan. 20, 2010) ("Additional information contained in an opposition to a motion to dismiss does not cure the defects in Plaintiff's original pleading.")

Moreover, Plaintiffs have failed to allege that they have sent a QWR to GMAC.  (FAC ¶¶

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6544 ODW (OPx) | Date | April 26, 2010 |
|----------|----------------------|------|----------------|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

45-46.) Under § 2605(e)(1)(A), GMAC has a duty to respond to a QWR, only if it has received such inquiry. Because Plaintiffs do not aver that GMAC itself received a QWR and because it is not clear from the FAC how Homecomings' receipt of the QWRs could be imputed to GMAC, the Court finds that GMAC cannot be held liable for Homecomings' subsequent actions or omissions.

For the foregoing reasons, the RESPA claim is dismissed.

### B.      TILA Claim

Plaintiffs' also allege that Defendants violated TILA, 15 U.S.C. §§ 1601 *et seq.* by, *inter alia*, not providing Plaintiffs with a full set of final loan documents at closing; deceptively presenting the interest rate; incorrectly calculating the APR, and failing to accurately and fully disclose the actual required payments on the loan.  (FAC ¶ 56.)

Defendants argue that the TILA claim is time-barred and Plaintiffs have failed to show why the TILA statute of limitation should be tolled.  (Reply at 5.)  Defendants also argue that Plaintiffs fail to allege facts capable of showing a TILA violation.  (Mot. at 10-11.)

A claim premised on a TILA violation must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  As a general rule, the statutory period "starts at the consummation of the [loan] transaction." *King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).

Here, because Plaintiffs allege to have consummated the loan on September 21, 2007, *see* FAC ¶ 14, and filed the instant lawsuit on August 31, 2009, their TILA damages claim is facially time-barred.  Previously, the Court dismissed the TILA claim due to Plaintiffs' failure to show that they are entitled to equitable tolling.  (*See* Order Granting Defs.' Mot. to Dismiss ("February 8, 2010 Order") (Docket No. 31).)  The Court reasoned that the complaint failed to allege sufficient facts to support their contention that Homecomings or GMAC "concealed"–fraudulently or otherwise–information from them." (*Id.* at 6.)  The Court also noted that "[t]he complaint is devoid of any allegations as to when or how Plaintiffs discovered the alleged TILA violations and does not examine whether such violations could not reasonably have been discovered earlier." (*Id.* at 6-7.)

The FAC failed to cure the above-mentioned defects.  Generally, a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  To show their entitlement to equitable tolling, Plaintiffs must allege that "despite all due diligence, [they were] unable to obtain vital information bearing on the existence of [their] claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000)

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6544 ODW (OPx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

(citing *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)).  Here, Plaintiffs premise their tolling argument on "fraudulent concealment."  (Opp'n 9-12.)  The FAC alleges that they failed to "discover" the existence of facts that will support a TILA violation prior to retaining their counsel in this action because "[t]he [l]oan closing process was rushed and disorganized" and following the closing, "a plethora of [l]oan related documents were mailed to Plaintiff."  (FAC ¶¶ 57-58.)  Plaintiffs assert that they could not have reasonably discovered the TILA violations prior to retaining their attorney.  (*Id.* at ¶ 58.)

These additional allegations are not enough to cure the defects raised by the Court in its previous order.  Just like the original complaint, the FAC is "devoid of any allegations as to when or how Plaintiffs discovered the alleged TILA violations and does not examine whether such violations could not reasonably have been discovered earlier."  (February 8, 2010 Order at 6-7.)  Plaintiffs conclude without any supporting factual allegations that they could not have reasonably discovered the TILA violations before they retained their attorney.  (FAC ¶ 58.)  These conclusory allegations, without more, are not sufficient to survive a 12(b)(6) motion.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.")  In order to toll the statute of limitations, Plaintiffs must plead with particularity the facts which give rise to the claim of fraudulent concealment.  *See Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120-21 (9th Cir. 1980).  Plaintiffs failed to do so by not alleging facts explaining why they could not have discovered the TILA violations despite the exercise of due diligence.

For these reasons, the Court dismisses Plaintiffs' TILA claim with prejudice.

### C.     State Law Claims

The FAC alleges that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 by virtue of the RESPA and TILA claims.  Because the Court has dismissed both federal claims, the Court declines to exercise supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367(c)(3).  *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.").  Defendants' motion to dismiss all state law claims is therefore granted.

### V.     CONCLUSION

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6544 ODW (OPx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | *Ronald and Sonia Hawkins v. Homecomings Financial, LLC, et al.* | | |

Defendants' motion to dismiss the FAC is granted in its entirety. If Plaintiffs wish to file an amended complaint as to the RESPA claim, they must do so within twenty (20) days of the date of this order.

**IT IS SO ORDERED**.

|  | ---- | : | 00 |
|---|---|---|---|
| Initials of Preparer | RGN | | |